Caldwell, C.J.
This is a bill filed by complainant for the purpose of subjecting certain equities of John Walters, in the hands of the other defendants, to the payment of a judgment which he holds against Walters. The bill, amongst other things, alleges that Walters, in 1850, leased for the term of two years, from the defendant, Ruffner, a large distillery, and that he (Walters) paid the rent in advance. That Walters, shortly after the commencement of the term, left the country, and that Ruffner went immediately into the possession of the distillery, and has had the use and occupancy of it since. And the prayer of the bill is that he account to the complainant for the value of the term.
Ruffner has answered, admitting that Walters made repairs and improvements on the property, for which he was to be credited on the account of rent; that Walters assumed to pay certain claims for Ruffner, which were to be credited on the rent account; but that Walters failed to jDay off these debts, and that Ruffner subsequently was compelled to pay them.
It is also averred in the answer that Walters, in addition to the payments above referred to, agreed to pay monthly a certain money rent, which he failed to pay; that when he left, he assigned his interest to one Lamb, who himself afterwards abandoned the property without paying the rent; that the property was very much out of repair, and that it could only be rendered fit for use after a large expenditure of money *and considerable delay. It is also alleged, in the answer, that there was a stipulation of forfeiture in the lease, and that after Lamb had left the property in an exposed situation, Ruffner entered, etc. Ruffner further answers that he had sold and conveyed the property to Smith.
In March, 1851, the complainant amended his bill, making Smith the purchaser from Ruffner, and the Comings, to whom Smith had sold the property, also defendants.
The bill, as amended, seeks to charge Smith and the Comings for the portion of the term during which they respectively held the property. These last defendants have answered the bill, setting up that the lease was forfeited at the time that Ruffner entered.
They also set up their respective purchases of the property, and claim that they are bona fide purchasers without notice, alleging *175 that the suit being commenced, in Fairfield county, and the property situate in Licking county, they are not chargeable with constructive notice of the pendency of the litigation.
The cause was tried in the court below as to the defendant Euffner alone, and the bill dismissed as to him. The complainant has appealed from that decree, and the only question presented to the court is on a motion by the defendant, Euffner, to dismiss the appeal.
Several reasons are assigned for the dismissal of the appeal. In substance, however, they all amount to this: that the cause, as far as Smith and the Comings are concerned, is still pending and undisposed of in the court of common pleas; that the appeal, therefore, only brings up the ease of Euffner to the district court; and that the interest of Euffner and these other defendants are so inseparably blended, that a decree can not be rendered as to one'without at the same time passing on the rights of others.
By the fourth section of the act regulating appeals to the district court it is provided “ that in all cases where the interest of any party desiring an appeal is separate and distinct from that of the other party or parties, and ho shall *be desirous to appeal the part of the case in which he is interested, it shall be so allowed by the court,” etc. 50 Ohio L. 93. The previous statute on this subjeet’provides, “that any party to a suit in chancery may appeal his separate part of the suit,” etc. 43 Ohio L. 126.
These statutes are substantially similar in their provisions, giving to a party, in a ease where there has been a final decree, and where his interests are separate from the other parties with whom he may have been united in the suit, the right to appeal his separate part of the case; and this is on the ground that his interests are so separate and distinct from the others, that they can be separately adjudicated in the appellate court.
These statutes do not provide for the mode in which the trial is to be had in the court below. It is true, however, that it is a practice well established in chancery proceeding, that the court may, where the case is divisible, as where a complainant proceeds against a number of defendants, and where there is no connection between the defendants, so that the rights of the comj)lainant against some of them may be adjudicated without in any way affecting the rights or liabilities of the others, to enter separate decrees and at different times.
*176 The present case furnishes us with an example. Here are a number of defendants who are charged in the bill as holding certain equities, belonging to John Walters, in separate distinct pieces of property, and where there is no connection whatever between the persons and the property, except that they are all charged as holding in trust for the same person. If the court had proceeded to decide the case as to Ruffner, Smith, and the Comings, who had no connection with the other defendants, or with the other pieces of property, it would have been clearly proper to have done so, and such decree could have been appealed from, although the rest of the case had been left undisposed of in the court below. And if there had been a decree as to all of these persons, and their interests were so inseparably connected, *that the case could not be passed on without an adjudication of all their rights, then the appeal either by the complainant or any one of the defendants would have vacated the decree and brought up the case as to all of them. But there has been no decree as to Smith and the Comings in the court below; until which time, as we think, they can not be brought into the appellate court. This brings us to the question whether the interests of Ruffner, Smith and the Comings are so inseparably connected that it is necessary to have them all before the court, to render the proper decree. We think their connection with this lease, for the use and occupancy of which they are all sought to be charged, is such as to render them necessary parties to the same decree, if a decree should be rendered against them. One of the peculiar advantages of a court of chancery is, that it can not only decree between the complainants and defendants, but can also modify its decree so as to preserve the equities between the defendants themselves, as in a case where all of the defendants are liable to the complainant; but where from some relation existing between the defendants one of them should respond to the decree and save the rest harmless from its operation, in that'ease the defendants in whose favor this equity exists have a right to claim that a decree shall be so modified as to operate first against the defendant on whom such obligation rests before proceeding against them.
Now in this ease, supposing all of the defendants to be liable to the complainant for such time as they respectively had the use of this property, the pleadings on both sides show that Smith purchased from Ruffner with covenants against incumbrances, and the Comings from Smith in the same way, and if it should be found *177 that Ruffner was bound to indemnify the other defendants against this incumbrance it would be clearly competent for them to ask that the decree should first operate on Ruffner for the whole amount, and only operate on them in case he was unable to respond.
The claim of the complainant necessarily involves an account of the value of this term, in which all the *defendants are interested. They, too, all rely on a common defense, namely, that the lease was forfeited when Ruffner entered, and we think were properly parties to the same suit; if the appeal were sustained, they would be separated, and would be liable to have their rights adjudicated in different tribunals, where contradictory decisions might be made.
An appeal from a lower to a higher court only exists where something has been passed on and definitely settled in the lower court, and which is susceptible of being properly adjudicated in the appellate court; such does not appear to us to be the effects of this decree. So ’far as the question of appeal is concerned, we think this decree is a nullity, and that the remedy of the plaintiff is on motion to the court of common pleas, to set the decree aside for irregularity, which we have no doubt that court has the right to do.

Appeal dismissed.